IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL LEE ASHLEY,

    Petitioner,

v.   No. CIV 11-0690 JB/CEG

WARDEN DANIELS,

    Respondent.

**MEMORANDUM OPINION AND ORDER FOR TRANSFER**

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1631 and rules 1(b), 4 of the Rules Governing Section 2254 Cases, on Petitioner Russell Lee Ashley's Petition Under 28 U.S.C. § 2241 for a Writ Of Habeas Corpus.  Ashley is incarcerated in Colorado on a sentence that this Court imposed.  See United States v. Ashley, No. CR 98-0662 HB, Doc. 40 (D.N.M. Sept. 25, 2000).  According to the criminal judgment, the Court ordered Ashley's sentence to run concurrently with one state sentence and consecutively to another.  Ashley alleges that the State of New Mexico wrongly lodged a detainer against him for the state sentences, and the Bureau of Prisons refuses to correct the calculation of his federal prison term.  Ashley contends that these actions have subjected him to a longer term of imprisonment than the courts actually imposed.  For relief, he asks that the State run his sentences concurrently and drop the detainer.

As a threshold matter, because Ashley is confined in Colorado, he has named the proper respondent but has filed his petition in the wrong district.  See 28 U.S.C. § 2241(a) (2006); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("[A] § 2241 habeas petitioner . . . should name his warden as respondent and file the petition in the district of confinement."); Bradshaw v. Story, 86

F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."). As the Supreme Court has clearly stated: "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. at 443. This rule based on the statute's plain language prevents forum shopping by habeas petitioners. See Rumsfeld v. Padilla, 542 U.S. at 447. The Court, therefore, must dismiss the petition without prejudice or transfer it to the United States District Court for the District of Colorado. See 28 U.S.C. § 1631; Trujillo v. Williams, 465 F.3d 1210, 1223 & n.16 (10th Cir. 2006); Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000); United States v. Scott, 803 F.2d 1095, 1096-97 (10th Cir. 1986) (per curiam). See also In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008) (applying *Trujillo v. Williams* in determining whether to transfer second § 2255 motion to court of appeals). The abuse of discretion standard applies to the district court's decision to dismiss or transfer the case. See Trujillo v. Williams, 465 F.3d at 1223.

The United States Court of Appeals for the Tenth Circuit in *Trujillo v. Williams* described several factors for determining whether to transfer or dismiss a case under 28 U.S.C. § 1631. The first of these factors is whether a new petition would be time barred at this point. See Trujillo v. Williams, 465 F.3d at 1223 & n.16. According to allegations in the petition and its attachments, it appears that Ashley's claims are not time barred. The petition was filed on August 5, 2011 based on the filestamp. See Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus at 1 (Doc. 1)("Petition"). He alleges the complained of conduct occurred in October of 2010. See Petition at 4. Based on these facts and allegations, Ashley could still file within the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d); Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006). The two other factors are whether "the claims are likely to have merit," Trujillo v. Williams, 465

F.3d at 1223 & n.16; Haugh v. Booker, 210 F.3d at 1150, and whether the petition "was filed in good faith," Trujillo v. Williams, 465 F.3d at 1223 & n.16; see Trierweiler v. Croxton & Trench Holding Co., 90 F.3d 1523, 1544 (10th Cir. 1996).  It appears that Ashley's allegations may present an issue of material fact as to both state and federal corrections officials' calculation of his prison terms given that some of his sentences should run concurrently based on the judgment entered in the federal case and Ashley's allegations that the officials miscalculated his sentences.  See Petition at 3-4; Letter re Petition by Russell Ashley at 1, 3 (Doc. 2).  Furthermore, the Court has no basis to conclude that the petition is not filed in good faith given that there is no indication in the record that "plaintiff either realized or should have realized that the forum in which he or she filed was improper" for three reasons: (i) Ashley filed this Petition in the district in which he was sentenced; (ii) Ashley is a pro se plaintiff without formal legal training; and (iii) Ashley has not in the past made any improper or abusive filings, such as filing successive petitions.  See Trierweiler v. Croxton & Trench Holding Co., 90 F.3d at 1544-45.  Thus the second and third factors from Trujillo v. Williams weigh in favor of transfer rather than dismissal.  In the interest of justice, see 28 U.S.C. § 1631, the Court will transfer this proceeding to the United States District Court for the District of Colorado.

    **IT IS ORDERED** that the Clerk is directed to transfer this § 2241 proceeding to the United States District Court for the District of Colorado.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Russell Lee Ashley
Florence, Colorado

    *Pro se Plaintiff*